Jennie B. Woolley, Respondent, *v.* William Buhler, Jr., Appellant.

*Action for brokerage upon the exchange of property — proof that plaintiff was the procuring cause thereof — not inferred from the exchange — insufficient evidence.*

In an action brought to obtain brokerage upon the exchange of property it is necessary for the person claiming such brokerage to prove that he was the procuring cause of the exchange, and this cannot be inferred from the fact that there was an exchange.

Upon the trial of an action brought to recover a broker's commissions upon an exchange of property the plaintiff testified that he received from the defendant a description of the properties which he had for exchange September 23, 1889. and on September twenty-fifth he offered the defendant's properties to one Hawkins for exchange. Three days after he called upon the defendant and gave him a diagram of the Hawkins property. About a month later he took Hawkins to the defendant's office at Hawkins' request. The defendant not being in they left without seeing him. On October twenty-eighth he called on the defendant, who informed him that Hawkins had been in, but that nothing had been done, and then the defendant gave him a description of a second mortgage for $50,000 to show Hawkins, which he did.

Sometime before the exchange was made, the defendant made a contract with one Malcolm, by which it was agreed that, if Malcolm should effect an exchange of this property, his compensation should be $500. After the exchange was made with Hawkins, the defendant paid Malcolm $500 as provided by such contract. Several months prior to the exchange, Malcolm had a list of the defendant's properties, and inquired of one Robinson, another real estate broker, whether he knew of any property which could be exchanged for that of the defendant. Robinson was acquainted with Hawkins, and at that time had his property for sale or exchange. Thereupon Robinson brought Hawkins to see Malcolm, who proposed an exchange of the defendant's real estate, but the proposition did not prove satisfactory, as Hawkins desired to make an exchange which would yield him some ready money. Malcolm then went to the defendant and told him the result of his interview with Hawkins. The defendant suggested that he had a $50,000 mortgage which might form a part of the exchange. This proposition was in turn communicated by Malcolm to Hawkins, who thought favorably of it, in case he could induce a certain creditor to take the mortgage, in which he was afterwards successful; and on September tenth Malcolm testified that he took Hawkins to the defendant and introduced them, on which occasion there were present Hawkins, the defendant, Robinson and Malcolm, and their negotiation finally resulted in an agreement to exchange, which was reduced to writing and duly executed.

This testimony of Robinson, Malcolm and the defendant as to the transaction was uncontradicted, except in so far as the plaintiff's evidence was in conflict with it.

*Held,* that the finding of the referee, that the plaintiff was the procuring cause of

the exchange, was against the weight of the evidence and that the judgment rendered thereupon should be reversed.

APPEAL by the defendant, William Buhler, Jr., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 17th day of July, 1893, upon the report of a referee.

*Geo. C. Holt*, for the appellant.

*W. T. Birdsall*, for the respondent.

PARKER, J.:

The judgment appealed from was entered on the report of a referee, and awards to the plaintiff, as assignee of Milton T. Woolley, $920, for broker's commissions.

The referee found that an agreement was entered into between Woolley and the defendant, by which the latter agreed to pay the former a commission of one per cent on the face value of certain properties in case he should procure a sale or exchange thereof; that subsequently defendant and one Hawkins exchanged properties, and that Woolley was the procuring cause of such exchange.

An attentive examination of all the evidence before the referee has led us to a different conclusion as to so much of his findings as asserts that Woolley was the procuring cause of the exchange, the reasons for which we shall briefly assign. The importance which should be attached to certain evidence which we are soon to allude to, will be more readily appreciated if the situation of the parties, at the time of making the contract which plaintiff asserts, be presented. The defendant was an extensive dealer in real estate and accustomed to receive calls from brokers such as the plaintiff's assignor to the number of twenty-five or thirty a day.

To these brokers he would give type-written descriptions of such properties as he was offering for sale or exchange, and if such a result as to any of the properties described should be brought about through the efforts of any one of the brokers, then that broker was paid a commission.

About two months before the exchange of the properties, Woolley for the first time called on the defendant, gave him his card, said he

had understood that defendant had advertised several properties to exchange, and asked if he was willing to pay brokerage for exchange. Defendant replied that he was, at the same time handing him, as he did the other brokers calling upon him the same day, type-written descriptions of a number of properties, including those which defendant subsequently exchanged with Hawkins.

There remained then for the plaintiff to prove, in order to establish his cause of action, that he was the procuring cause of the exchange.

Fortunately for the defendant this cannot be inferred from the fact that there was an exchange, for if it could be it would open the door for a recovery by each one of the twenty-five or thirty brokers who was that day given a description of the property, accompanied by a promise that if either a sale or exchange should be brought about by him, a commission would be paid for his services.

Upon the contested question whether Woolley was the procuring cause of the exchange, the plaintiff offered no evidence except the testimony of Woolley. He testified that he received from the defendant a description of the properties which he had for exchange September 23, 1889; on September twenty-fifth he offered defendant's properties to Hawkins for exchange; three days later he called upon the defendant and gave him a diagram of the Hawkins property; about a month afterwards he took Hawkins to defendant's office at Hawkins' request; defendant not being in they left without seeing him; October twenty-eighth he called on defendant, who informed him that Hawkins had been in but nothing had been done, and then defendant gave him a description of a second mortgage for $50,000 to show Hawkins, which he did. Woolley did nothing else towards bringing about the exchange made or any other exchange, unless his watchfulness of the announcements of sales and exchanges in a publication known as the *Real Estate Record,* for the purpose of ascertaining whether defendant and Hawkins had made an exchange, and his several inquiries of defendant, may be regarded as efforts in that direction.

Standing alone this evidence might be said to warrant the inference that Woolley was the procuring cause of the exchange, but it does not stand alone; on the contrary, it is opposed and completely overborne by the circumstances proved and the oral testimony

adduced.   One of the significant facts may be alluded to in this connection; sometime before the exchange was made, defendant made a contract with one C. E. Malcolm, by which it was agreed that if Malcolm should effectuate an exchange of this property his compensation should be $500; this contract was in writing, and after the exchange was made the defendant paid Malcolm $500, as provided by it.

This fact stands undisputed and tends strongly to convince the mind that before Woolley had demanded his commission, or this suit had been brought, the defendant had no doubt that it was Malcolm and not Woolley who had brought about this exchange.

A short interview of the oral testimony will readily cause it to appear why it was that defendant was so confident that Malcolm had brought about the exchange as to induce him to pay him for doing it.   Several months prior to the exchange, Chas. F. Malcolm, a real estate broker, and who like many others had defendant's list of properties, inquired of Albert Robinson, another real estate broker, whether he knew of any property which could be exchanged for that of defendant.

Robinson was an acquaintance of Hawkins and at that time had his property for sale or exchange; thereupon Robinson brought Hawkins to see Malcolm, who proposed an exchange of defendant's real estate, but the proposition did not prove satisfactory, as Hawkins desired to make an exchange which should yield him some ready money, of which he was then in need.

Malcolm went to the defendant and told him the result of his interview with Hawkins, who suggested that he had a $50,000 mortgage which might form a part of the exchange.   This proposition was in turn communicated to Hawkins by Malcolm, who thought favorably of it in case he could induce a creditor named Blackford to take the mortgage.

This he was successful in doing, and after considerable time spent in negotiations, and on September tenth, Malcolm testifies that he took Hawkins to defendant and introduced them.   On this occasion there were present Hawkins and the defendant, Hawkins' broker, Albert Robinson, and defendant's broker, Malcolm; the negotiations lasted something like four hours, and finally resulted in an agree-

ment to exchange, which was reduced to writing and duly executed.

This in brief is the story which is told by Robinson, Malcolm and the defendant. It is contradicted by no one, except in so far as Woolley's statement to the effect that he went with Hawkins to introduce him to the defendant when defendant was not in, and that defendant told him subsequently that he had seen Hawkins but nothing had been arranged, may be said to contradict it.

And it has support in the circumstances proved, to one of which we have alluded.

Further discussion of the evidence seems unnecessary.

The judgment should be reversed and a new trial granted before another referee to be appointed on order to be entered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed and new trial granted before another referee to be appointed on order to be entered, with costs to the appellant to abide the event.